UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RODERICK SKINNER, | Case No. 3:15-CV-00340-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MIKE HALEY, et al. | |
| Defendants. | |

## I. DISCUSSION

On December 28, 2015, the Court issued a screening order dismissing Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical need as to defendants Washoe County Sheriff Mike Haley and Dr. Gargya without prejudice, dismissing defendant Corizon Correctional Healthcare without prejudice, and permitting Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical need claim to proceed against defendants nurse Rene Pfister, nurse Valentine, and John Doe officer. (Dkt. no. 5 at 9:8-15.)

The Court granted Plaintiff thirty (30) days from the date of that order to file an amended complaint curing the deficiencies of his equal-protection claim. (*Id.* at 9:16-18.) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical need against defendants nurse Rene Pfister, nurse Valentine, and John Doe officer. (*Id.* at 9:24-10:2.) Plaintiff advised the Court in his

1 motion for a scheduling order that he does not intend to file an amended complaint. (Dkt. no. 8 at 1:22-23.) Pursuant to the screening order, this action will proceed on Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical need against defendants nurse Rene Pfister, nurse Valentine, and John Doe officer.

## II. CONCLUSION

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order and Plaintiff's assertion that he does not intend to file an amended complaint, this action will proceed on Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical need against defendants nurse Rene Pfister, nurse Valentine, and John Doe officer.[1]

It is further ordered that the Clerk of Court issue summonses for defendants nurse Rene Pfister and nurse Valentine, and deliver the same, along with the complaint (dkt. no. 6.) to the U.S. Marshal for service. The Clerk also will send to Plaintiff two (2) USM-285 forms, one (1) copy of the complaint and a copy of this order. Plaintiff will have thirty (30) days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form. Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.

It is further ordered that henceforth, Plaintiff must serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every

---

[1] In the screening order, the Court permitted Plaintiff's deliberate indifference to his serious medical need claim to proceed against defendant John Doe officer. (Dkt. no. 5 at 6:4.) The Court, however, notified Plaintiff that the use of "Doe" pleading is not favored and that Plaintiff would be given an opportunity through discovery to identify the unknown defendant. (*Id.*). As such, this claim shall proceed against the John Doe officer when Plaintiff learns his identity.

2

pleading, motion or other document submitted for consideration by the Court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

It is further ordered that Plaintiff's motion to have Clerk issue marshal summons for service of complaint (dkt. no. 7) is granted.

It is further ordered that Plaintiff's motion for a scheduling order in order to allow the plaintiff to conduct discovery (dkt. no. 8) is denied as moot.

DATED THIS 27th day of January 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE