**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RODERICK SKINNER,

                                    Plaintiff,

    v.

MIKE HALEY, *et al.,*

                                    Defendants.

3:15-cv-00340-MMD-VPC

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion for summary judgment (ECF Nos. 40. 41).  Plaintiff opposed (ECF No. 51), and defendants replied (ECF No. 52).  For the reasons stated below, the court recommends that defendants' motion for summary judgment (ECF Nos. 40, 41) be granted.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Roderick Skinner ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC").  Plaintiff is presently incarcerated at Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada, but the alleged events giving rise to this case occurred during plaintiff's detention at the Washoe County Detention Facility ("WCDF").  Pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against several WCDF officials.

The District Court screened the complaint on December 28, 2015, and permitted plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Nurse Rene Pfister and Nurse Danelli Taylor.[1]  (ECF No. 5 at 9.)  All other claims and defendants were dismissed.  (*See id.*)  Plaintiff alleges that defendants were aware that plaintiff suffered from Crohn's disease, that after a day of symptoms his request to be seen by a doctor was denied, and that his continued

---

[1] In the complaint, defendant Taylor is referred to as "Valentine."

1   requests for treatment due to worsening pain continued to be ignored.  (ECF No. 6 at 3-4.)  As a
2   result of the lack of treatment, plaintiff alleges he suffered an intestinal rupture, which required
3   surgery and a twenty-one-day hospital stay.  (*Id.*)

4       Defendants move for summary judgment on the basis that plaintiff failed to exhaust his
5   administrative remedies.  (ECF No. 40 at 2.)  In the alternative, defendants move for summary
6   judgment on the ground that plaintiff's deliberate indifference claim fails as a matter of law.  (*Id.*)
7   For the reasons discussed below, the court finds that summary judgment should be granted because
8   plaintiff failed to exhaust his administrative remedies.

9                           **II.    LEGAL STANDARD**

10      Summary judgment allows the court to avoid unnecessary trials.  *Nw. Motorcycle Ass'n v.*
11  *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court properly grants summary
12  judgment when the record demonstrates that "there is no genuine issue as to any material fact and
13  the movant is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317,
14  330 (1986).  "[T]he substantive law will identify which facts are material.  Only disputes over
15  facts that might affect the outcome of the suit under the governing law will properly preclude the
16  entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be
17  counted."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" only
18  where a reasonable jury could find for the nonmoving party.  *Id.*  Conclusory statements,
19  speculative opinions, pleading allegations, or other assertions uncorroborated by facts are
20  insufficient to establish a genuine dispute.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984
21  (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).  At this stage,
22  the court's role is to verify that reasonable minds could differ when interpreting the record; the
23  court does not weigh the evidence or determine its truth.  *Schmidt v. Contra Costa Cnty.*, 693 F.3d
24  1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

25      Summary judgment proceeds in burden-shifting steps.  A moving party who does not bear
26  the burden of proof at trial "must either produce evidence negating an essential element of the
27  nonmoving party's claim or defense or show that the nonmoving party does not have enough

28

evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## III.  DISCUSSION

### A.  Civil Rights Claims Under § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).  The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law.  *Warner*, 451 F.3d at 1067.  Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

### B.  Failure to Exhaust Administrative Remedies

#### 1.  Exhaustion under the PLRA

Defendants argue that plaintiff did not properly exhaust available administrative remedies. (ECF No. 40 at 2, 8-9.)

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The exhaustion requirement applies to pretrial detainees.  *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (applying PLRA to action brought by pretrial detainee); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  The PLRA requires "proper exhaustion" of an inmate's claims.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90).  To be

1    clear, "[a]n inmate is required to exhaust only *available* remedies." *Albino*, 747 F.3d at 1171

2    (emphasis original) (citing *Booth v. Churner,* 532 U.S. 731, 736 (2001)).  "To be available, a

3    remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'"  *Id.*

4    (quoting *Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir. 2005)).

5        Failure to exhaust is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  The

6    defendant bears the burden of proving that an available administrative remedy was unexhausted

7    by the inmate.  *Albino*, 747 F.3d at 1172.  If the defendant makes such a showing, the burden shifts

8    to the inmate to "show there is something in his particular case that made the existing and generally

9    available administrative remedies effectively unavailable to him by 'showing that the local

10   remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'"

11   *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

12       **2.    WCDF's Grievance Process**

13       Washoe County Sheriffs Standard Operating Procedure ("SOP") 720.033 governs the

14   grievance process at the WCDF.  (ECF No. 41-1 at 3.)  SOP 720.033 provides: "All inmates will

15   be afforded the right to grieve any and all conditions through a minimum of one level of appeal."

16   (ECF No. 41-2 at 4.)  "If the inmate is involved in an incident, or has a specific situation they feel

17   is unfair, they may institute the inmate grievance procedure. They will be required to follow each

18   step of the grievance procedure before escalating to the next step."  (*Id.*)  The first step is to

19   "[a]ttempt to resolve the matter with the housing unit deputy." (*Id.*)  An oral complaint or informal

20   grievance must be presented no later than five days from the date of the event.  (*Id.*)  If the concerns

21   are not resolved, the inmate must complete an "Inmate Request Form" and place it in the

22   "PREA/Inmate Grievance" box, and the inmate should receive a written response within seven

23   days.  (*Id.*)  If the situation is still not resolved, the inmate is to submit another Inmate Request

24   Form detailing previous attempts to resolve the situation.  (*Id.*)  If there is no resolution, the inmate

25   may initiate an appeal.  (*Id.*)

       **3.    Exhaustion of Plaintiff's Claim**

26       As proof that plaintiff failed to exhaust his administrative remedies, defendants attach to

27   their motion copies of all the other grievances plaintiff filed while at the WCDF.  (*See* ECF No.

28

41-3.)  Upon review of the grievances, the court notes that none of the grievances addresses the particular claims at issue in this case.  Further, plaintiff does not argue that he filed a grievance related to the claims at issue here.  Therefore, the court finds that plaintiff failed to exhaust his administrative remedies pursuant to SOP 720.033 prior to initiating this action.

The burden now shifts to plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).  Plaintiff argues that his "'available' PLRA remedies were exhausted by the granting of access to a doctor and treatment" and that PLRA "does not require the pursuit of a remedy which has already been provided."  (ECF No. 51 at 9-10.)  However, plaintiff is mistaken as to the meaning of "available remedies" and the exhaustion requirement under the PLRA.

Under the PLRA, prisoners must exhaust "such administrative remedies as are *available*" prior to filing suit in federal court challenging prison conditions.  42 U.S.C. § 1997(e)(a) (emphasis added).  The Ninth Circuit has recognized several instances where administrative remedies are unavailable.  For example, "where a prison warden incorrectly implied that an inmate needed access to a nearly unobtainable prison policy in order to bring a timely administrative appeal, 'the Warden's mistake rendered [the plaintiff's] administrative remedies effectively unavailable.'"  *Albino,* 747 F.3d at 1172–73 (quoting *Nunez v. Duncan,* 591 F.3d 1217, 1226 (9th Cir. 2010)).  "[W]here prison officials declined to reach the merits of a particular grievance 'for reasons inconsistent with or unsupported by applicable regulations,' administrative remedies were 'effectively unavailable.'"  *Id.* at 1173 (quoting *Sapp v. Kimbrell,* 623 F.3d 813, 823–24 (9th Cir. 2010)).  Where an inmate "did not have access to the necessary grievance forms within the prison's time limits for filing a grievance," the administrative remedies were effectively unavailable.  *Id.* (citing *Marella v. Terhune,* 568 F.3d 1024, 1027–28 (9th Cir. 2009)).  Plaintiff has presented no evidence that administrative remedies were made unavailable to him, for purposes of the PLRA, and therefore his argument necessarily fails.

Insofar as plaintiff argues that the PLRA does not require pursuit of a remedy that has already been provided and that seeing a doctor was the functional equivalent of the granting of relief sought in a grievance, this argument also fails.  A plaintiff is required to "exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process."  *Woodford*, 548 U.S. at 85 (citing *Booth*, 532 U.S. at 734). "Exhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.'"  *Id.* at 89 (quoting *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992)). Exhaustion also "promotes efficiency."  *Id.*  Therefore, if the court accepted plaintiff's argument, WCDF would be denied the opportunity to correct mistakes before a federal lawsuit is initiated. This is not the intent of the PLRA.

Accordingly, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing this action, and that defendants' motion for summary judgment should be granted.

Because this court finds that plaintiff failed to exhaust his administrative remedies, it need not consider plaintiff's deliberate indifference claim.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that defendants' motion for summary judgment (ECF Nos. 40, 41) be granted.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

7

1

## V.    RECOMMENDATION

2    **IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment

3    (ECF No. 40) be **GRANTED**.

4    **IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close

5    this case.

6    **DATED**: February 6, 2017.

7    _____

**UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28