UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RODERICK SKINNER, | Case No. 3:15-cv-00340-MMD-VPC |
|---|---|
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |
| v. | |
| MIKE HALEY, *et. al.*, | |
| Defendants. | |

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 53) ("R&R" or "Recommendation") relating to Defendants Renee Pfister and Danelli Taylor's ("Defendants") Motion for Summary Judgment ("the Motion") (ECF Nos. 40, 41). Plaintiff timely filed his objection to the R&R (ECF No. 54) and Defendants filed their response (ECF No. 55). Plaintiff also filed a reply (ECF No. 56).[1]

## II.    BACKGROUND

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), asserts four counts based on events that occurred while he was held at Washoe County Detention Facility ("WCDF"). (ECF No. 6.) Following screening of the complaint, the Court allowed plaintiff to proceed on an Eighth Amendment deliberate

---

[1]Local Rule LR IB 3-1(a) provides that a reply to a response to an objection to a magistrate judge's report and recommendation will be allowed only with leave of court. Plaintiff did not obtain leave of court to file his reply. However, the Court will consider Plaintiff's reply because the reply brief helps clarify the arguments raised in Plaintiff's objection.

indifference claim against Defendants Rene Pfister and Danelli Taylor (referred to as "nurse Valentine" in the complaint) and officer John Doe. (ECF No. 5.) The following facts are taken from the complaint.

On August 21, 2013, Plaintiff started experiencing attacks from his Crohn's disease that lasted over twenty-four hours. (ECF No. 6 at 3.) Defendant Taylor brought Plaintiff his daily medication and told him to submit a kite so that he could be scheduled to be seen by a physician. (*Id.*) The next day, Plaintiff told Defendants Taylor and Pfister that he was still experiencing Crohn's attacks and that he needed to see a physician immediately. (*Id.* at 4.) Taylor told Plaintiff to submit a kite and when he told her he had, she told him he would have to wait to be seen. (*Id.*) Plaintiff's pain continued to worsen and he asked both nurses for assistance, but received no help. (*Id.*)

On August 26, 2013, the lower right side of Plaintiff's stomach swelled up like a balloon; he asked defendant John Doe correctional officer for a doctor and was told to shut up. (*Id.*) A few hours later, a different correctional officer found Plaintiff non-responsive in his cell. (*Id.*) He was then transported to St. Mary's Hospital in Reno. (*Id.*) At the hospital, Plaintiff underwent surgery for an intestinal rupture and spent twenty-one days in the hospital during his recovery. (*Id.*)

III. **LEGAL STANDARD**

A. **Review of the Magistrate Judge's Recommendations**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

B. **Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

### IV. DISCUSSION

#### A. Defendants' Motion for Summary Judgment

The Magistrate Judge recommends granting Defendants' Motion, finding that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit as required under the Prison Litigation Reform Act ("PLRA"). (ECF No. 53.) Under the PLRA, a § 1983 claim may not be brought by a prisoner until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate use all procedures the prison "holds out," *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009), including compliance with agency deadlines and other critical procedural rules, *Woodford v Ngo*, 548 U.S. 81, 90-91 (2006). The level of detail required in an administrative grievance is determined by the prison's applicable procedures. *Morton v. Hall*, 599 F.3d 942, 926 (9th Cir. 2010). Proper exhaustion is not required under the PLRA if administrative remedies are "effectively unavailable." *v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). A remedy is "available" to inmates when it is "capable of use [or] at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (quoting *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)).

The Magistrate Judge found that Plaintiff failed to dispute that he did not file a grievance related to the claims in this case pursuant to WCDF's grievance procedures found at Washoe County Sheriffs Standard Operating Procedure ("SOP") 720.033. (ECF No. 53 at 5-6.) SOP 720.033 provides that the first step in the grievance process requires an oral complaint or an informal grievance must be presented within five (5) days from the date of the event. (ECF No. 41-2 at 4.) In opposing summary judgment, Plaintiff argued that he exhausted his administrative remedies because he was granted access to a doctor and treatment and he was not required to pursue an already available remedy. (ECF No. 51 at 9-10.) The Magistrate Judge correctly rejected this argument as being legally deficient. (ECF No. 53 at 6.)

In his objection, Plaintiff contends that the grievance process was not available to him because he "was in [the] hospital on an intravenous morphine drip post operatively

4

to the event for 16 days" and could not initiate the grievance process within the five (5) day deadline required under SOP 720.033. (ECF No. 54 at 2, 5.) Plaintiff also contends that he "attempted to bring his concern to the only available deputy in a position to receive his complaint, but the actions of that deputy foreclosed Plaintiff's access to the SOP 720.033" because that deputy told Plaintiff to "shut the f__k up." (*Id.* at 5.) In his reply, Plaintiff clarified that the deputy who allegedly told him to "shut up" was John Doe guard as alleged in his complaint. (ECF No. 56 at 2.)

Defendants correctly noted that these arguments were not presented in Plaintiff's opposition to the Motion. (ECF No. 55 at 3.) The Court has discretion, but is not required, to consider new arguments raised for the first time in a party's objection to a magistrate judge's ruling." *Brown v. Roe,* 279 F.3d 742, 7444-46 (9th Cir. 2002). The Court will consider Plaintiff's new arguments because of the dispositive nature of Defendants' Motion.

Plaintiff's new arguments fail to show that the administrative remedies were not unavailable to him. The incident that gives rise to the deliberate indifference claim against Pfister and Taylor occurred on August 21, 2013, when Plaintiff alleged he informed Taylor that he started experiencing attacks from his Crohn's disease and Taylor told Plaintiff to submit a kite so that he could be scheduled to be seen by a physician. (ECF No. 6 at 4.) The next day, Plaintiff told defendants Taylor and Pfister that he was still experiencing Crohn's attacks and that he needed to see a physician immediately, and he was again told to submit a kite (*Id.* at 4.) On August 26, 2013, five (5) days after his initial complaint, Plaintiff was transported to St. Mary's Hospital where he underwent surgery for an intestinal rupture and spent twenty-one days in the hospital during his recovery. (*Id.*) Thus, Plaintiff was not hospitalized immediately as he appears to suggest in his objection. Based on Plaintiff's allegations in his complaint, he had five (5) days before he was hospitalized to grieve the denial of his request for medical attention by Pfister and Taylor.

///

As for Plaintiff' argument that John Doe guard's response made the grievance process unavailable to him, the complaint alleges that on August 26, 2013, when the lower right side of his stomach swelled up like a balloon, he asked defendant John Doe correctional officer for a doctor and was told to shut up. (ECF No. 6 at 4.) Based on Plaintiff's allegations, he asked John Doe for help, but he did not attempt to initiate the first level grievance with John Doe. Even assuming that Plaintiff's hospitalization starting on August 26, 2013, for sixteen (16) days rendered the grievance process unavailable to him because he could not have filed the grievance within five (5) days, Plaintiff would be excused from exhaustion only with respect to his claim against John Doe, not his claim against Pfister and Taylor.

The Court agrees with Magistrate Judge Cooke that Plaintiff failed to exhaust his administrative remedies as to his claim against Pfister and Taylor. Accordingly, the Court will adopt the R&R.

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 53) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 40) is granted.

It is further ordered that the Clerk enter judgment and close this case.

DATED THIS 8th day of May 2017.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE